Dear Mr. Mayeux:
You have requested an Attorney General Opinion on behalf of the Avoyelles Parish School Board ("School Board") concerning the publication of minutes by school boards and Type 2 charter schools. You also seek an opinion as to whether the publication of minutes on the internet satisfies the publication requirements of Louisiana law.
Louisiana Revised Statutes, Title 43, Chapter 4, entitled Official Journals of Political Subdivisions, sets forth the official journal requirements imposed on parishes, municipalities, school boards, and other political subdivisions. Part I of Chapter 4, La.R.S. 43:140
through 150, establishes the requirements of school boards, parishes and municipalities.[1] The pertinent provisions of Part 1 provide as follows:
§ 140. Definitions
 As used in this Chapter, the following terms shall have the meanings ascribed to them in this Section:
 (1) "Bona fide paying subscribers" shall mean persons who have subscribed at a subscription rate which is not nominal, whether by mail subscriptions, purchases through dealers and carriers, street vendors and counter sellers, or any combination thereof, but shall not include free circulation, sales at token or nominal subscription price, and sales in bulk for purposes other than for resale for individual subscribers.
 (2) "General paid circulation" shall not include publications when one-half or more of all copies circulated are provided free of charge to the ultimate recipients, or are paid for at nominal rates by the ultimate recipients.
 (3) "Newspaper" shall mean a publication that during each year of the five-year period prior to the first publication of any legal or official notice therein:
 (a) Has been published at regular intervals of not less than weekly.
 (b) Has been originated and published for the dissemination of current news and intelligence of varied, broad, and general public interest, including regular news coverage of local public meetings and events, and is not devoted to the interests of, or published for the entertainment or instruction of, or has a circulation restricted to, any particular sect, denomination, labor or fraternal organization, or other special group or class of citizens.
 (c) Has not been published primarily for advertising purposes and has not contained more than seventy-five percent advertising in more than one-half of its issues, excluding separate advertising supplements inserted into but separately identifiable from any regular issue or issues.
 (d) Has maintained a general paid circulation to bona fide paying subscribers within the area the publication is required.
* * *
 § 141. Official journal to be selected by police juries, city and parish councils, municipal corporations, and school boards
 A. The police juries, city and parish councils, municipal corporations, and school boards in all the parishes, the parish of Orleans excepted, at their first meeting in June of each year, shall select a newspaper as official journal for their respective parishes, towns, or cities for a term of one year.
* * *
§ 142. Qualifications of newspaper
A. The newspaper:
 (1) Shall have been published in an office physically located in the parish in which the body is located for a period of five years preceding the selection;
 (2) Shall not have missed during that period as many as three consecutive issues unless caused by fire, flood, strike, or natural disaster;
 (3) Shall have maintained a general paid circulation in the parish in which the body is located for five consecutive years prior to the selection; and
 (4) Shall have been entered in a U.S. post office in that parish under a periodical permit in that parish for a period of five consecutive years prior to the selection.
* * *
 § 143. Newspaper selected to be known as official journal; duties
 The newspaper selected shall be known as the official journal of the parish, town, city or school board, and it shall publish all minutes, ordinances, resolutions, budgets and other official proceedings of the police jury, town or city councils, or the school board.
§ 144. Penalty for failure to have proceedings published
 The official of any municipal corporation, police jury or school board by law responsible for the preparing and recording of the official proceedings who, within ten days from the date of any meeting at which the official proceedings were had, wilfully neglects or fails to furnish the official journal with a copy of the minutes, ordinances, resolutions, budgets, and proceedings for publication, shall be fined not less than twenty five dollars nor more than five hundred dollars, or be imprisoned for not less than ten days nor more than six months, or both.
 Pursuant to La.R.S. 43:141, the School Board is required to select a newspaper as its official journal. La.R.S. 43:143 requires that all minutes, ordinances, resolutions, budgets and other official proceedings of the school board be published in the official journal selected. It is therefore the opinion of this office that the School Board is required to publish its minutes in the official journal that it has selected pursuant to La.R.S. 43:141.
You ask if the School Board can satisfy any publication requirements of Louisiana law by publishing its minutes on the internet. The language of La.R.S. 43:143 is clear and unambiguous and must be applied as written. La. Civ. Code.
Art. 9. La.R.S. 43:141 through 143 mandates the selection of a newspaper, as defined therein, as the official journal and the publication of school board minutes in the newspaper selected. No other type of publication is authorized. In our opinion, the publication of minutes by the School Board on the internet would not satisfy the publication requirements set forth in La.R.S. 43:143.
You also seek an opinion as to whether the governing board of a Type 2 charter school is required to publish its minutes. A type 2 charter school is an independent public school that is operated pursuant to a charter between a nonprofit corporation and the Board of Elementary and Secondary Education. La.R.S. 17:3973. A charter school is not a political subdivision of the state and is therefore not subject to the mandates set forth in Title 43, Chapter 4 of the Louisiana Revised Statutes.
In addition, La.R.S. 17:3996(B) provides that "[n]otwithstanding any state law, rule, or regulation to the contrary and except as may be otherwise specifically provided for in an approved charter, a charter school established and operated in accordance with the provisions of this Chapter and its approved charter and the school's officers and employees shall be exempt from all statutory mandates or other statutory requirements that are applicable to public schools and to public school officers and employees except for the following laws otherwise applicable to public schools with the same grades." This section continues by enumerating 20 specific statutory provisions on subjects ranging from school entrance age to the Code of Governmental Ethics. Included therein are laws pertaining to open meetings and public records.[2] We find no reference to laws requiring the publication of minutes. Had the legislature intended charter schools to be subject to the laws pertaining to the publication of minutes, it could have so provided by including such provisions in this listing. Accordingly, it is the opinion of this office that charter schools are not subject to the mandates set forth in Title 43, Chapter 4 of the Louisiana Revised Statutes requiring the publication of minutes, unless a school's approved charter subjects the school to such publication requirements.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: _____________________________ Katherine M. Whitney Assistant Attorney General
CCF, Jr:KMW:lrs
[1] Part 2 of Chapter 4 sets forth the publication requirements of other political subdivisions, including levee, drainage, subdrainage, road, subroad, navigation, and sewerage districts and other political subdivisions of the state and parishes.
[2] La.R.S. 42:7.1 of the Louisiana Open Meetings Law requires that public bodies keep written minutes of all of their open meetings. Such minutes are public records and must be available within a reasonable time after the meeting. The Louisiana Open Meetings Law does not require the publication of minutes in an official journal. See Attorney General Opinion Nos. 94-133(A) and 96-263.